RECORD NO. 12-1410

_____

IN THE

# 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 ℭ𝕠𝕦𝕣𝕥 𝕠𝕗 𝔸𝕡𝕡𝕖𝕒𝕝𝕤

### FOR THE FOURTH CIRCUIT

_____

**THE NATIONAL LABOR RELATIONS BOARD,**

**Petitioner,**

**v.**

**ENGINEERING CONTRACTORS, INC.,**

**Respondent.**

_____

**APPLICATION FOR ENFORCEMENT OF AN AGENCY ORDER
FROM THE NATIONAL LABOR RELATIONS BOARD**

_____

**OPENING BRIEF OF ENGINEERING CONTRACTORS, INC.**

Kenneth C. Gauvey
Offit Kurman, P.A.
8 Park Center Court
Suite 200
Owings Mills, MD 21117

Counsel for Engineering Contractors, Inc. and ECI of Washington, LLC

# I.   DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Pursuant FRAP 26.1 and Local Rule 26.1, Engineering Contractors, Inc. and ECI of Washington, LLC, who are respondents, makes the following disclosure:

1.   Is party/amicus a publicly held corporation or other publicly held entity?

     [] YES      [X] NO

2.   Does party/amicus have any parent corporations?

     [] YES      [X] NO

If yes, identify all parent corporations, including grandparent and great-grandparent corporations.

3.   Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?

     [] YES      [X] NO

If yes, identify all such owners.

4.   Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?

     [] YES      [X] NO

If yes, identify entity and nature of interest.

5.   Is party a trade association? (amici curia do not complete this question)

     [] YES      [X] NO

If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursing in a representative capacity, or state that there is no such member.

2

6.    Does this case arise out of a bankruptcy proceeding?

      [] YES        [X] NO

If yes, identify any trustee and the members of any creditors' committee.


Respectfully submitted,

/s/Kenneth C. Gauvey
Kenneth C. Gauvey
Offit Kurman, P.A.
8 Park Center Court, Suite 200
Owings Mills, Maryland, 21117
(443) 738-1559
kgauvey@offitkurman.com

Attorney for the respondent.

# TABLE OF CONTENTS

I.   DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS..........................................................................................2

II.  STATEMENT OF SUBJECT MATTER JURISDICTION..............................6

III. STATEMENT OF THE ISSUES ...............................................................6

IV. STATEMENT OF THE CASE ..................................................................7

V.  STATEMENT OF FACTS .........................................................................8

VI. SUMMARY OF ARGUMENT...................................................................9

VII. ARGUMENT .......................................................................................10

    A.  Standard of Review ..........................................................................10

    B.  The NLRB erred in ordering immediate and unconditional reinstatement without regards to available work..........................................................11

    C.  The NLRB erred when it ordered immediate recognition and negotiations with unions regardless of whether the employer was performing any work covered by those unions..........................................................15

    D.  The Order issued by the NLRB is impermissibly punitive. ...........................17

VIII. CONCLUSION ...................................................................................19

IX. CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS .........................................................................................20

X. CERTIFICATE OF SERVICE ......................................................................21

XI. REQUEST FOR A HEARING......................................................................22

## TABLE OF AUTHORITIES

*American Trucking Ass'ns, Inc. v. NLRB*, 734 F.2d 966 (4th Cir. 1982) ........ 10

*Architectural Glass & Metal Co. v. NLRB*, 107 F.3d 426 (6th Cir. 1997)........10

*Banknote Corp. of Am. v. NLRB*, 84 F.3d 637 (2d Cir. 1996)...........................17

*Florsheim Shoe Store Co. v. N.L.R.B.*, 565 F.2d 1240 (2d Cir. 1977).............. 18

*Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 94 S. Ct. 414(1973)...... 17

*LB&B Assocs. v. NLRB*, 232 Fed. Appx. 270 (4th Cir. 2007)......................... 14

*Mingo Logan Coal Co. v. NLRB*,
67 Fed. Appx. 178 (4th Cir. 2003)............................................6, 9, 12, 13, 15-16

*N.L.R.B. v. American Manufacturing Co.*, 351 F.2d 74 (5th Cir. 1965).......18-19

*NLRB v. Fort Vancouver Plywood Co.*, 604 F.2d 596 (9th Cir. 1979) ........15, 18

*NLRB v. Forsyth Elec. Co.*, 69 Fed. Appx. 164 (4th Cir. 2003) ...................... 14

*P.P.G. Indus. v. NLRB*, 671 F.2d 817 (4th Cir. 1982) ......................................11

*Trident Seafoods, Inc. v. NLRB*, 101 F.3d 111 (D.C. Cir. 1996) .................15, 17

*Zimmerman Plumbing & Heating Co.*,
334 N.L.R.B. 586, 2001 N.L.R.B LEXIS 498 (July 18, 2001) ........................ 14

## II.     STATEMENT OF SUBJECT MATTER JURISDICTION

Jurisdiction is properly before this Court.  This matter was brought by the National Labor Relations Board (NLRB) to enforce an Order issued on December 12, 2011(the "Order"), by a three member panel of the NLRB.   Pursuant to 29 U.S.C. § 160(e), the NLRB has the authority to "petition any court of appeals of the United States   . . . wherein the unfair labor practice in question occurred or wherein such person resides or transacts business, for the enforcement of such order."   ECI hereby responds to the NLRB's Application for Enforcement.  This matter is before the Court from a final order of the Board which disposed of all claims with respect to the parties.

## III.     STATEMENT OF THE ISSUES

The following questions are involved and to be argued:

A.     Whether the Order of the NLRB, requiring immediate reinstatement without permitting the parties to litigate whether the employees reinstated would have remained employed but for the alleged violations, is proper in the face of *Mingo Logan Coal Co. v. NLRB*, 67 Fed. Appx. 178 (4th Cir. 2003)?

B.     Whether the Order of the NLRB, requiring immediate recognition of unions and negotiations with unions, without consideration of whether ECI entered into permissible subcontracts with union subcontractors for all work, is proper in the face of *Mingo Logan Coal Co. v. NLRB*, 67 Fed. Appx. 178 (4th Cir. 2003)?

6

C.    Whether the NLRB's Order was impermissibly punitive?

## IV.    STATEMENT OF THE CASE

This case was tried before Administrative Law Judge Bruce D. Rosenstein (the "ALJ"), in Washington, D.C. from July 11, 2011, until July 14, 2011.  The hearing before the ALJ was consolidated from five separate complaints; 5-CA-36213, 5-CA-36214, 5-CA-36216, and 5-CA-36225.  The complaints alleged, primarily, that Engineering terminated its employees because of their union affiliation, and then closed its business.  Appx. at pg. 5.  The complaints further alleged, the ECI of Washington, LLC (ECI), started engaging in contracting work after Engineering ceased and was, in fact, the alter ego of Engineering.  Appx. at pg. 3.

On September 1, 2011, the ALJ issued his decision.  Exceptions were timely filed.  Appx. at pg. 8.  The NLRB adopted the recommended Order of the ALJ in its entirety without discussion of the ALJ's decision and without comment on the exceptions filed by the respondents.  Appx. at pg. 8.  The ALJ found that Engineering Contractors, Inc. and ECI of Washington, LLC were, in fact, alter egos.[1]  The Order requires ECI to offer those employees named in the Order, and other unknown, unequivocal reinstatement within 14 days.  Appx. at pg. 14.  The Order does not permit ECI to litigate any issues regarding whether individuals

---

[1] Given this ruling the respondents are collectively referenced herein as ECI.

would have remained employed but for the alleged unfair labor practice, or

whether there is any work for reinstated employees to perform.  The Order also

requires recognition of the unions without consideration of whether there is any

work for those union members to perform, or whether ECI employees any

individuals who perform work governed by the unions at issue.  Appx. at pg. 14-

16.

## V.    STATEMENT OF FACTS

On December 8, 2011, the NLRB issued an order that simply adopted the

order the ALJ without discussion.  The Order of the ALJ required, among other

things, immediate reinstatement of 38 named employees and additional unknown

employees.  Appx. at pg. 14.  The Order further required immediate recognition of

various collective bargaining agreements (CBAs) and immediate attempts to

negotiate with the individual unions who are parties to those agreements.  Appx. at

pg. 14-16.  The CBAs have provisions that permit ECI to subcontract work to

subcontractors as long as those subcontractors have a CBA with the union.  Appx.

at pg. 35-41.  The Order does not provide for any delay in either reinstatement  or

recognition and does not permit ECI the opportunity to litigate the issues of

whether there is any work for these 38 named employees or the unnamed

employees to perform, whether ECI has a need for or employees any individuals

who would be a covered individual under the various CBAs, or whether ECI has properly subcontracted all work pursuant to the CBAs at issue.

## VI.    SUMMARY OF ARGUMENT

The NLRB's Order is overreaching and impossible to comply with.  The NLRB has ordered immediate reinstatement of employees, regardless of whether there is any work for those employees to perform.  Acknowledging this, the Order provides reinstatement is required even "if such positions no longer exist . . . "  In this case, ECI is required to hire the terminated employees "to substantially equivalent positions . . ." regardless of whether any such positions exist.  The Order of the NLRB is specific.  It requires immediate reinstatement without the opportunity to demonstrate whether ECI has *any* work available and without the opportunity to demonstrate whether any of the employees would have been employed by ECI but for the alleged unfair labor practices.  Moreover, NLRB's Order does a disservice to the employees who are offered reinstatement, and quit their current jobs, only to be laid off for lack of work within moments of the reinstatement.  Finally, the Order is in direct violation of the clear instructions given by this Court in *Mingo Logan Coal Co. v. NLRB*, 67 Fed. Appx. 178 (4th Cir. 2003).

Likewise, the NLRB's Order regarding recognizing the unions at issue is similarly flawed.  The Order provides that ECI is to immediately recognize the

various unions and negotiate with them.   The Order is specific.  However, the

Order does not permit ECI the opportunity to demonstrate that it does not perform

any work relevant to the unions at issue, and does not permit ECI to demonstrate

that any work it did have was subcontracted to union subcontractors, which is

permissible under the collective bargaining agreements at issue.   Instead, the

Order forces compliance without the opportunity for discussion.

The Order is impermissibly punitive.  The Order puts the employer in the

impossible situation of either failing to reinstate or negotiate because of lack of

work, resulting in further costly legal action, or hiring employees and negotiating

with unions for nonexistent work, requiring the employer to pay salaries and fund

contributions for employees to do absolutely nothing.  In either situation, the

employer is forced to outlay large amounts of money either defending itself from

further legal proceedings or paying union members and funds for no work.  This

type of Hobson's choice is punitive, which is impermissible under the National

Labor Relations Act (NLRA).

## VII. <u>ARGUMENT</u>

### A. <u>Standard of Review</u>

On legal issues, the Court has plenary authority.  Indeed, the Court should

not defer to the NLRB's legal conclusions and must conduct a *de novo* review on

issues of law.  *Architectural Glass & Metal Co. v. NLRB*, 107 F.3d 426, 433-34

(6th Cir. 1997). In fact, it is the Court's responsibility to "correct any error of law made by the board." *American Trucking Ass'ns, Inc. v. NLRB*, 734 F.2d 966, 977 (4th Cir. 1982). In fact, the NLRB is required to follow and apply the law of this Circuit. *P.P.G. Indus. v. NLRB*, 671 F.2d 817, 823 n. 9 (4th Cir. 1982). As a result, this Court will not "defer to a legal determination which flouts [the Court's] previous statements on the law." *Id.*

### B. <u>The NLRB erred in ordering immediate and unconditional reinstatement without regards to available work.</u>

The NLRB's order is specific and unequivocal with regards to reinstatement. The Order states that ECI is required to

> Within 14 days from the date of this Order, offer the employees set forth and named in the remedy section reinstatement to their former positions or, if such positions no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed.

Appx. at pg. 14. The Order is specific and requires immediate conduct without the opportunity to litigate or even demonstrate the availability of work to be performed by these reinstated individuals or whether these individuals would have remained employed by ECI but for the alleged unfair labor practice. In fact, apparently taking into consideration that there may be no work available to reinstate these employees to, the order requires reinstatement "to substantially equivalent positions." In other words, the Order requires ECI to either hire the terminated

11

employees to their old jobs or to create "substantially equivalent positions" for them.

ECI is a small company with limited work. This is not the case of a large company who regularly hires individuals. At the time the NLRB Order was issued, ECI had only ten employees, the majority of which were office workers, and did not employ anyone in any of the union trades with the exception of a few plumbers. Appx. at pg. 42-43.[2]

Immediate, full and unconditional reinstatement is not what the law requires and was expressly disavowed by this Court. In *Mingo Logan Coal Company v. NLRB*, this Court stated

> the order adopted by the Board leaves no opportunity for the Employers to contest *whether* employment would have been bestowed upon the employees, and instead assumes away this question reserving for compliance only an inquiry regarding *when* such a benefit would have been conferred. We therefore remand the order to the Board so that it may alter its remedy or order proceedings in which the Employers are afforded a full and fair opportunity to litigate the premise upon which it rests.

---

[2] Moreover, NLRB's Order does a disservice to the terminated employees, those who are supposed to benefit from the NLRB's actions. These employees were terminated by Engineering in May of 2010, more than two years ago. It is highly unlikely that any union member who was terminated more than two years ago has remained unemployed. The most likely scenario, therefore, is that anyone who was offered reinstatement and returned to Engineering, would do so after quitting their current employment. Any lack of available work would necessitate the immediate termination of employees, moments after their formal reinstatement, meaning that the reinstated employees who quit their new jobs, would suddenly find themselves truly out of work again.

12

*Mingo Logan Coal Company v. NLRB*, 67 Fed. Appx. 178, 188 (4th Cir. 2003).

Like the matter at bar, in *Mingo Logan Coal Company*, the NLRB initiated an

enforcement action in the Fourth Circuit. *Id.* The employer argued, among other

things, that the order of the NLRB requiring reinstatement of all employees

regardless of whether work was available placed the discharged laborers in a better

position than they would have been otherwise, which is contrary to the Board's

remedial power and purposes of the Act. *Id.* at 187. In agreeing with the

employer, the Court held that even though the order contained a reservation of the

issue for the compliance stage (which is absent in the Order by the NLRB in this

matter), the language of the order itself deprived the employer of the ability to

litigate the issue of reinstatement of the terminated employees. *Id.* at 187-188

> Despite the Board's assertions to the contrary, the present remedial
> order is quite clear. Additionally, the Board's recognition of the need
> for compliance proceedings to ascertain the timing of hiring that it
> believed would have occurred, leaves little room for the Employers to
> litigate whether or not the employees would have received offers from
> Mingo.

The Fourth Circuit, therefore, has already held that depriving the employer of the

ability to litigate the issue of whether an employee would be hired but for the

unfair labor practice, is improper and warrants remand back to the NLRB.

Moreover, the decisions of the Fourth Circuit make it clear that the

discussion of whether there exists a bona fide absence of work is not only part of

13

the NLRB process, but is also a legitimate and substantial justification for failure to reinstate. *See e.g. NLRB v. Forsyth Elec. Co.*, 69 Fed. Appx. 164, 167 (4th Cir. 2003) ("A 'bona fide absence of available work for the strikers in their prestrike or substantially equivalent positions' is a legitimate and substantial justification for failure to reinstate.") citing *Zimmerman Plumbing & Heating Co.*, 334 N.L.R.B. 586, 2001 N.L.R.B LEXIS 498, at *11 (July 18, 2001); *LB&B Assocs. v. NLRB*, 232 Fed. Appx. 270, 276 (4th Cir. 2007) (an employer is not required to reinstate employees where "there is no need to fill the positions").  The NLRB's Order deprived ECI from even engaging in the analysis of whether there was work available for the workers the NLRB ordered reinstated.

This is exceedingly relevant in this matter where the employer only had ten employees at the time the  Order was issued.  The NLRB's Order required ECI to increase its workforce by a factor of four, without regard for any issues relating to the availability of work. If the NLRB wanted to simply drive ECI out of business, they could not have drafted a better order to do so, to the detriment of both the employer and those individuals who accepted reinstatement pursuant to the NLRB's Order.

The Fourth Circuit is not alone in rejecting an order from the NLRB requiring full, immediate and unconditional reinstatement regardless of available work.  Indeed, the Fourth Circuit relied on both *Trident Seafoods, Inc. v. NLRB*,

14

101 F.3d 111, 116 (D.C. Cir. 1996) and *NLRB v. Fort Vancouver Plywood Co.*, 604 F.2d 596 (9th Cir. 1979) to reach its conclusion. In both cases, the NLRB issued an order nearly identical to the one entered against ECI, requiring full and immediate reinstatement without consideration given to available work. In both cases, the Court expressly denied enforcement because the Order of the NLRB failed to permit the employer the opportunity to litigate whether any work was actually available.

The language of the NLRB's Order regarding reinstatement has already been disproved of by this Court. *Mingo Logan Coal Company v. NLRB*, 67 Fed. Appx. 178, 188 (4th Cir. 2003). Enforcement of the provision of the Order requiring mandatory reinstatement, regardless of the availability of work, would place the reinstated employees in a better position than they would have been had the alleged unfair labor practices not have occurred. This cannot be disputed as ECI had only a few employees at the time the ordered was issued, and the order required reinstatement of 38 named employees plus additional employees who were unnamed. The Order, as stated in *Mingo Logan Coal Company*, therefore extends beyond the remedial purposes of the NLRA and should not be enforced.

### C. **The NLRB erred when it ordered immediate recognition and negotiations with unions regardless of whether the employer was performing any work covered by those unions.**

Similar to the portion of the Order requiring immediate reinstatement, the ALJ ordered ECI to immediately recognize the CBAs and bargain in good faith with the Plumbers and the Steamfitters, the Sheet Metal Workers, and the Asbestos Workers. The Order provides no opportunity to litigate any issues regarding whether there were any work being performed by ECI that would be covered by any of the CBAs, or whether ECI had properly subcontracted work, pursuant to the terms of the CBAs, to union subcontractors. In effect, the Order, provided no opportunity to even discuss these issues in the enforcement process.

The Court's reasoning in *Mingo Logan Coal Company* is equally applicable to the NLRB's order regarding recognition and bargaining. The Court took issue in *Mingo Logan Coal Company* with the NLRB's order because it deprived the employer of the opportunity to litigate whether individuals would have been offered positions absent the alleged unfair labor practice. *Mingo Logan Coal Company v. NLRB*, 67 Fed. Appx. 178, 188 (4th Cir. 2003). Similarly, in view of its dramatic decrease in personnel, the NLRB's Order in this matter deprives ECI of the opportunity to litigate whether the employer would continue to provide services that are covered by the CBAs. Indeed, this comports with decisions by other circuits that permit and require the NLRB to allow the employer to litigate the issue of whether the bargaining units originally contemplated by the CBA had changed. *Banknote Corp. of Am. v. NLRB*, 84 F.3d 637, 649 (2d Cir. 1996). In

16

*Banknote Corp. v. NLRB,* the Second Circuit noted that if a successor employer were to

> introduce[] significant evidence that [the predecessor's] units had been rendered obsolete by industry shifts or developments at [the predecessor], and the Board had applied the presumption in favor of long-established units in disregard of this evidence, we would not hesitate to find the application of the presumption irrational.

*Id.*; *see also Trident Seafoods v. NLRB*, 101 F.3d 111, 119 (D.C. Cir. 1996). While *Banknote Corp. of Am.* dealt with the issue of recognition of bargaining units, it remains the case that the employer was able to introduce evidence as to the changed circumstances. In the Order issued by the ALJ in this matter, and adopted by the NLRB, the ALJ mandated immediate recognition and bargaining without consideration of the more than two years that have passed since the alleged unfair labor practices occurred or how that intervening time period affected the obligations under the CBAs at issue. Enforcement, therefore, should be denied.

### D. **The Order issued by the NLRB is impermissibly punitive.**

It is not the purpose of the NLRA to be punitive. The basic purpose of the NLRA is to restore the economic status quo that would have existed but for the employer's illegal activities. *Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 94 S. Ct. 414, 427, 38 L. Ed. 2d 388 (1973). However, it is not intended to lock the employer into maintaining that status quo without due consideration of economic realities at the time the remedy is effectuated. The Company should not be

compelled to re-create and maintain unnecessary positions for an indeterminate period if less extreme and equally effective remedies are available. *See N.L.R.B. v. Fort Vancouver Plywood Co.*, 604 F.2d 596, 601-03 (9th Cir. 1979), *cert. denied*, 445 U.S. 915, 100 S. Ct. 1275, 63 L. Ed. 2d 599 (1980); *Florsheim Shoe Store Co. v. N.L.R.B.*, 565 F.2d 1240, 1246-47 (2d Cir. 1977). Violation of the Act does not make an employer an outlaw. *N.L.R.B. v. American Manufacturing Co.*, 351 F.2d 74, 80 (5th Cir. 1965). It retains the right to make legitimate decisions regarding the most efficient means of running its business. *See Florsheim Shoe Store Co. v. N.L.R.B.*, 565 F.2d at 1247.

Yet, despite these fundamental concepts regarding the NLRA, the NLRB blatantly ignored these precepts. As indicated above, the NLRB required mandatory reinstatement without even the opportunity to review the economic realities at the time the mandatory reinstatement was effectuated. Similarly, the NLRB ordered immediate bargaining and recognition of contracts without consideration as to whether there is any work to be performed under those contracts or positions available to those employees who would be governed by those contracts. This type of order has already been determined to be punitive in nature, rather than establishing the status quo. *N.L.R.B. v. American Manufacturing Co.*, 351 F.2d 74, 80 (5th Cir. 1965). Enforcement of the Order therefore should be denied.

18

# VIII. <u>CONCLUSION</u>

Based on the foregoing argument and authorities, ECI of Washington, LLC respectfully requests that the Board's Application for Enforcement be denied, or alternatively, that the Court remand this matter to the Board to conduct an evidentiary hearing on the issues.

Dated this 17th day of September, 2012

<u>/s/Kenneth C. Gauvey</u>
Kenneth C. Gauvey
Offit Kurman, P.A.
8 Park Center Court, Suite 200
Owings Mills, Maryland, 21117
(443) 738-1559
kgauvey@offitkurman.com

Attorney for the respondent.

## IX. <u>CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS</u>

1.     This brief has been prepared using a proportionally spaced typeface:

<u>Microsoft Word, Times New Roman, Fourteen Point</u>.

2.     EXCLUSIVE of the table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules or regulations, and the certificate of service, the brief contains:

<u>3366 words</u>.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so directs, I will provide an electronic version of the brief and/or a copy of the work or line printout.


/s/Kenneth C. Gauvey
Kenneth C. Gauvey

20

# X. <u>CERTIFICATE OF SERVICE</u>

I, Kenneth C. Gauvey, do hereby certify pursuant to Local Rule 25(a)(1)(B), that on September 17, 2012, I filed the above Opening Brief of Engineering Contractors, Inc. via the Court's CM/ECF system and sent said Brief, as well as the proposed Appendix pages, to the following counsel via electronic mail:

Ms. Linda Dreeben, Deputy Associate General Counsel
appellatecourt@nlrb.gov

Mr. Robert James Englehart, Supervisory Attorney
bob.englehart@nlrb.gov

Mr. Paul Andrew Green:  pgreen@mooneygreen.com

Mr. Andrew Keith Lin, Attorney: alin@mooneygreen.com

Mr. John Robert Mooney, Attorney: jmooney@mooneygreen.com

Gregoire Frederic Sauter: gregoire.sauter@nlrb.gov

/s/Kenneth C. Gauvey
Kenneth C. Gauvey

21

# XI. <u>REQUEST FOR A HEARING</u>

Pursuant to Rule 34, the respondents respectfully requests an oral argument on the issues contained herein.  An oral argument is appropriate in this matter is highly complex with numerous parties, including involvement of a federal agency. Moreover, as stated in the respondent's brief, despite the Court ruling on the exact issues raised by this brief previously, the NLRB continues to ignore the requirements laid down by this Court's prior decisions in attempting to deprive employers of their rights under the National Labor Relations Act.

Respectfully requested,

<u>/s/Kenneth C. Gauvey</u>
Kenneth C. Gauvey
Offit Kurman, P.A.
8 Park Center Court, Suite 200
Owings Mills, Maryland, 21117
(443) 738-1559
kgauvey@offitkurman.com

Attorney for the respondent.

4827-9447-0928, v. 1